IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW-JERSEY,

AT JANUARY TERM, 1847.

---

## SCHENCK ET AL. v. CUTTRELL.

1. In Case against owners of steamer for negligence whereby buildings were fired, the declaration contained three counts. In the first, the plaintiff counted on his seisin; in the second, on his seisin and possession, and in the third, on his possession. The plaintiff having shown title in himself to seven-eighths, and actual possession of the whole—*held* that for the purpose of showing to what damages he was entitled, under the third count, he might show that he held the remaining eighth under a valid contract to purchase.

2. A deed for the said eighth executed in pursuance of that agreement, although bearing date subsequent to the injury complained of, and to commencement of suit, was offered and read in evidence—*held* that it was immaterial evidence; and as it did the party no injury, its admission was no ground of reversal.

---

Error to Monmouth Circuit Court, argued before Whitehead, Carpenter, and Randolph, J. J. John Cuttrell, the plaintiff be-

Vol. I.                              A                              5.

low, brought an action on the case against De La Fayette Schenck, and others, owners of steamer, for negligence in the use of their vessel, whereby a storehouse, the property of the plaintiff, had been set on fire and consumed. The declaration contained three counts. In one count the plaintiff alleged that he was seised of the lot of land, wharf, storehouse and premises in his demesne as of fee, and possessed of divers personal property. In another count that he was seised and possessed &c. of the lot, &c. and possessed of the personal property. In the third, he counted upon his possession. The defendant pleaded the general issue.

Upon the trial, the plaintiff having first shown a title in himself to seven-eighths of the said real estate and actual possession, offered a witness to prove that he (the witness) had sold by parol agreement to said plaintiff the one-eighth part of said real estate—had received the greater part of the money—and that the plaintiff had gone into possession—that orders had been given to a scrivener to prepare a deed, which he had neglected until after said fire—and that after the fire a deed for the said equal undivided eighth part of the lot, &c. was made by the witness to the plaintiff—which evidence was objected to by the counsel of the defendants, but admitted by the judge. A bill of exceptions was prayed and sealed.

The plaintiff upon the trial further offered in evidence the deed of conveyance from the said Francis Cuttrell to the plaintiff, dated April 1st, 1842, for the said eighth part of the said premises (*pro ut* the deed). Objected to by the counsel of the defendants, but admitted and read in evidence. A second bill of exceptions was thereupon sealed.

Mr. *Vroom* for plaintiffs in error. The legal seisin was in him who held the deed. The plaintiff counted on his seisin in order to recover damages for the whole amount of loss, and not damages to a mere possession. Must be proved as set out, and proof of title to seven-eighths, will not support count for the whole. Proof must correspond with the declaration.

1 *Chit. P.* 380 (365 *1st Ed.*); *Com. Dig. Plead.* (*C.* 34, 35.); 2 *Ld. Raym.* 1228; 1 *Salk.* 363; 5 *Halst.* 207; 3 *Ib.* 319; *Doug.* 665.

Schenck, et al. v. Cuttrell.

The second bill which relates to the admission of the deed made after the cause of action accrued shews error. Deed dated April 1, 1842—alleged injury July 1841. Suit commenced by writ returnable January Term 1842. The parties must abide by their rights as they stood when the suit was brought, and plaintiff cannot afterwards buy up an additional interest in order to enhance the amount of damages.

Mr. *Dayton* contra. The plaintiff was entitled to recover under the third count, having title to seven-eighths, and exclusive possession of the whole. The contract for the purchase of the additional share competent, in order to show him entitled to full damages. The evidence in second bill, competent, by way of corroboration. If not, immaterial. 1 *Saund. P. and Ev.* 346; *Ib.* 578; 1 *Sugden V. and P.* 279, (204 *Am. Ed.* 1843); 18 *John.* 95; 2 *South.* 580; 1 *Smith's L. C.* 269 (*Am. Notes*).

WHITEHEAD, J. It was conceded upon the argument, that the evidence of the parol agreement to purchase, and possession under it, was not competent to prove the seisin of the plaintiff. It was, however, insisted to be competent under the last count in the declaration. It was incumbent upon the plaintiff to prove not only that he had an interest in the premises, but such an interest as entitled him to damages; and as he claimed damages to the full amount of the property destroyed, it was necessary for him to establish a legal right to recover that amount—although the evidence offered did not prove a strictly legal estate in the plaintiff, in the one-eighth part of the premises, yet for the purposes of this action, and as against the defendants below, as wrong-doers, it was competent.

The plaintiff was in possession under an agreement which the parties had in part performed by the delivery of possession, and payment of part of the purchase money. A specific performance of it could have been enforced by the vendor. Had the plaintiff abandoned possession after the fire, his vendor could nevertheless have compelled him to take a deed. Besides, the witness who had the strictly legal estate, could not maintain an action himself, or join the plaintiff in an action for the injury, as he was out of possession under the agreement referred to. Under these circumstances, the loss was entirely the plaintiff's,

and no recovery could be had for the one-eighth of the value of the buildings burned, except by him.

If this be the proper view of the question raised by the first bill of exceptions, then the rights of the parties could not be affected by admitting in evidence the deed executed in pursuance of that agreement, although executed after the happening of the injury complained of. For if the delivery of the possession under the agreement, and part payment of the purchase money for the one-eighth part of the premises gave to the plaintiff a right to recover in damages the value of this part, then it was entirely·immaterial whether the deed was admitted in evidence or not. It gave to the plaintiff no additional claim for damages. It entitled him to nothing which he could not recover without it.

RANDOLPH, J. concurred.

CARPENTER, J.  Although the plaintiff showed title in himself to seven-eighths only of the property to which the injury is alleged to have been done, yet he was in exclusive possession of the whole, and therefore at any rate entitled to recover on the third count.  Persons having a mere equitable interest, if in actual possession, may sue for an injury done by a wrong-doer to that interest.  Of consequence, as it seems to me, if they can sue and recover, the nature and extent of their interest will enter into the question of damages, and I think may be shewn in order to ascertain their amount.  A purchaser in possession under such contract for purchase as can be enforced, by the rule that equity will look upon things agreed to be done, as actually performed, has such an interest that he may sell or charge the estate, or convey it by devise, before the conveyance is executed: subject, of course, to the contract under which held.  1 *Sugd. Vend.* 279 (10th *Ed.*)  So the vendee, being actually seised of the estate in contemplation of equity, must bear any loss which may happen between the agreement and conveyance, and will be entitled to any benefit which may accrue in the interim.  1 *Ib.* 276, 468.

It is true these are rights for the most part enforced only in equity, but still it appears to me that they are rights which may be noticed even at law, for the present purpose, when the

amount of injury received is the subject of inquiry. I am not satisfied there was any error in the admission of the testimony stated in the first bill.

In regard to the second bill, I am inclined to think the evidence immaterial, and therefore its admission, as it did the party no injury, no ground of reversal.

Judgment affirmed.

CITED *in Jackson v. Todd,* 1 *Dutch.* 129-134; *Freeman v. Headley,* 4 *Vr.* 541.